UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WINGATE INTERNATIONAL, INC.,<br><br>Plaintiff,<br><br>v.<br><br>MARGARET SWINDALL,<br><br>Defendant. | Civil Action No. 12-248 (CCC)<br><br><br><br><br>ORDER |

**THIS MATTER** is before the Court upon the motion of Plaintiff for the entry of default and default judgment. [CM/ECF No. 41.] The motion is **denied without prejudice**.

Plaintiff commenced this action on January 1, 2012. [CM/ECF No. 1.] The matter arises out of a October 1999 franchise agreement between Plaintiff and Defendant Margaret Swindall, a Georgia resident, regarding the operation of a Wingate guest lodging facility in Florida. Plaintiff claims that Ms. Swindall transferred the facility without its consent in violation of the franchise agreement and seeks outstanding royalties and other fees.

On February 23, 2012, Ms. Swindall, through counsel Mitchell J. Kassoff, Esq., answered the Complaint and asserted counterclaims. [CM/ECF No. 7.] Plaintiff moved to dismiss a number of counterclaims, which was granted without prejudice to the right to replead. [CM/ECF No. 11.] Thereafter, Defendant filed amended counterclaims, which were answered, and the pleadings closed on December 3, 2012.

On June 12, 2013, Mr. Kassoff moved to withdraw as Ms. Swindall's counsel. [CM/ECF No. 36.] On September 16, 2013, case management responsibilities for this matter were reassigned to the Undersigned Magistrate Judge. On September 19, 2013, the Undersigned granted Mr. Kassoff's motion to withdraw. [CM/ECF No. 39.] In the

Order granting the motion, Ms. Swindall was directed to retain substitute counsel or enter an appearance *pro se* by October 18, 2013. Ms. Swindall did not take any action as directed by the Order. On October 22, 2013, the Undersigned, noting that Ms. Swindall had not filed an appearance, directed Plaintiff to file an "application for appropriate relief." [CM/ECF No. 40.]

On November 1, 2013, Plaintiff filed the present motion for default and default judgment. On November 18, 2013, Ms. Swindall submitted a letter opposing the default judgment. [CM/ECF No. 42.] No mention is made in the letter as to whether Ms. Swindall has, or is, attempting to retain counsel, nor does it state whether she wishes to proceed *pro se*.

The motion for default and default judgment is **denied without prejudice**. Ms. Swindall's letter suggests she may wish to defend the case and proceed with her counterclaims. Given the leniency routinely afforded to *pro se* litigants, the Court believes that it is fair and efficient to provide Ms. Swindall with one final opportunity to elect to proceed *pro se* and/or retain counsel. The Third Circuit has a strong preference that matters be resolved on the merits whenever possible, *e.g.*, *Emasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987), and the Court is satisfied that providing Ms. Swindall with one final opportunity to proceed will not prejudice Plaintiff in this case.

In addition, Plaintiff's motion requests relief that is premature under the circumstances. Before a default and default judgment can be entered, Defendant's pleadings must be stricken pursuant to Rule 37 and after consideration of the multi-factor test called for by the Third Circuit in *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984). The motion does not address this issue.

Based on the above, Ms. Swindall is directed that by **January 27, 2014**, she should either: (1) enter an appearance *pro se* with the Clerk of the Court, meaning that she intends to represent herself in this case; or (2) have counsel enter an appearance on her behalf. Ms. Swindall is cautioned that if she intends to proceed *pro se* that she will have to abide by the Federal Rules of Civil Procedure and the Local Civil Rules just as any other litigant. *See, e.g.*, *Sykes v. Blockbuster Video*, 205 Fed. Appx. 961, 963 (3d. Cir. 2006). These obligations may include, if appropriate, travel to New Jersey.

If Ms. Swindall (or counsel) does not enter an appearance by **January 27, 2014**, Plaintiff may file a motion requesting that her answer and counterclaims and be dismissed

with prejudice pursuant to Rule 37 and the *Poulis* case referenced above, and that default be entered.[1]

Because of the procedural history stated herein, all parties are advised that no further extensions of deadlines will be permitted.

Plaintiff is directed to serve Ms. Swindall with a copy of this Order by overnight mail within one business date from the date of this Order.

s/Mark Falk
**MARK FALK**
**United States Magistrate Judge**

**DATED: December 27, 2013**

---

[1] Default and default judgment is generally a two-step process. *See Strenkoski v. Apex Chem., Inc.*, No. 13-2201, 2013 WL 6662539, at *1-2 (D.N.J. Dec. 17, 2013). If default is entered, then Plaintiff may move for the entry of default judgment. *See id.*